UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER TO ADVANCE SECURITY<br>IN AMERICA<br>1802 Vernon Street NW<br>PMB 2095<br>Washington, D.C. 20009,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, D.C. 200301,<br><br>        Defendant. | Civil Case No. 1:24-cv-02272 |

## COMPLAINT

1. Plaintiff Center to Advance Security in America ("CASA") brings this action against the U.S. Department of Defense ("DOD" or the "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff CASA is an unincorporated association dedicated to improving the safety and security of the American people. CASA educates and informs the American people about

1

the actions of their government and its officials that impact their safety; peace and security; democracy, civil rights, and civil liberties; and privacy.

5. Defendant DOD is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On April 11, 2024, CASA submitted a FOIA request (attached as Exhibit A) to DOD, seeking the following records related to a proclamation establishing Easter Sunday 2024 as the "Transgender Day of Visibility, 2024:"

   1. All meeting requests, calendar entries, virtual meeting invitations, call logs and any chats in the relevant virtual platforms (e.g., Microsoft Teams, Zoom, Webex, etc.) pertaining to the development of the Transgender Day of Visibility.

   2. We are seeking records on this topic exchanged between and among the relevant following officials:
      - Lloyd J. Austin III
      - Kathleen H. Hicks
      - Charles Q. Brown Jr.
      - Christopher W. Grady
      - Kelly Magsamen
      - Cyrus Salazar
      - Norvel Dillard
      - Randy D. Cooper
      - Pamela Sullivan
      - Bishop Garrison
      - Candice Cook
      - Shawn Skelly
      - Sherri Ward
      - Kelisa Wing
      - Ashish S. Vazirani
      - Gil Cisneros
      - Thomas Brady

3. We are seeking all emails, text messages, chat sessions, or other forms of written or electronic communication used to discuss the development of the Transgender Day of Visibility referenced above containing the following phrases and/or words: "Transgender Day of Visibility", "Easter", "trans", "transgender", "Christian", "conservative", "Christianity", "Catholic", "religion", "far-right", "equality", "visibility", "pride", "trans rights", "community support", "gender identity", "LGBTQI+", "extremists", "freedom", "discrimination", "inclusion", "Equality Act", "date selection", "designated date", "pride month", and "pride".

4. All records exchanged by or between any official listed above with any individual working for one of the following media outlets (with suggested email addresses) on the topic of development of the Transgender Day of Visibility:
    - Politico (@politico.com)
    - Military Times (@militarytimes)
    - New York Times (@nytimes.com)
    - Washington Post (@washingtonpost.com)
    - NBC News (@nbcnews.com)
    - ABC News (@abcnews.com)
    - LA Times (@latimes.com)
    - CBS News (@cbsnews.com)
    - Fox News (@foxnews.com)
    - Wall Street Journal (@wsj.com)
    - USA Today (@usatoday.com)
    - Fortune (@fortune.com)
    - Forbes (@forbes.com)
    - Vanity Fair (@vanityfair.com)
    - CNN (@cnn.com)
    - Associated Press (@ap.com)
    - George Washington University's Project for Media and National Security
    - PBS (@pbs.org)

5. All communications exchanged between any of the above officials identified as an employee, agent, consultant, or representative of one of the following organizations:
    - American Civil Liberties Union (ACLU) (@aclu.org)
    - Pew Research Center (@pewresearch.org)
    - National Center for Transgender Equality (@transequality.org)
    - Outright International (@outrightinternational.org)
    - Human Rights Watch (@hrw.org)
    - Human Rights Campaign (@hrc.org)
    - National LGBTQ Task Force (@thetaskforce.org)

- Amnesty International (@aiusa.org)
- Center for Constitutional Rights (@ccrjustice.org)
- UN LGBTI Core Group (@un.org)
- Columbia University (@columbia.edu)
- National Security Action (@nationalsecurityaction.org)

6. The timeline for the records requested is from January 1, 2023, to the date the search begins.

7. The release of these documents is in the public interest because it will help the public understand the motivation behind the decision to declare a "Transgender Day of Visibility" on the same day as the most important religious holiday for millions of Americans. CASA's purpose in requesting these documents is to inform the public so it can be engaged with its leaders and ensure their decisions are consistent with America's best interests.

8. On April 11, 2024, federal government receipt of CASA's request was acknowledged through a confirmation page on FOIA.gov, reflecting that the request had been received and was "being sent to the Office of the Secretary and Joint Staff."

9. On the same day, DOD sent an email to CASA reflecting that its request had been assigned tracking number 24-F-1076 and that its status had been updated to "Received."

10. After this email, DOD sent no further communications to CASA regarding the request.

11. To date, CASA has received neither a further response nor any other communication from DOD regarding request 24-F-1076.

12. As the record above indicates, over 110 days have elapsed since DOD received CASA's request, yet it still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOD has not produced responsive documents to CASA, has not communicated to CASA the scope of the documents it intends to produce or withhold—along with the reasons for any such

withholding—and has not informed CASA of its ability to appeal any adverse portion of its determination.

13. Given these facts, DOD has not met its statutory obligations to provide the requested records for the request.

14. Through DOD's failure to make a determination within the time period required by law, CASA has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

15. CASA repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

16. CASA's request was a properly submitted request for records within the possession, custody, and control of DOD.

17. DOD is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

18. DOD is wrongfully withholding non-exempt agency records requested by CASA by failing to produce non-exempt records responsive to its request.

19. DOD's failure to provide all non-exempt responsive records violates FOIA.

20. Plaintiff CASA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

Center to Advance Security in America respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to CASA's request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Award CASA the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant CASA other such relief as the Court deems just and proper.

Dated: August 1, 2024                     Respectfully submitted,

CENTER TO ADVANCE SECURITY
IN AMERICA
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*